[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15424
Non-Argument Calendar

_____

D. C. Docket No. 07-00005-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY TYRELL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 1, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Corey Johnson appeals his conviction for possession of stolen firearms, in

violation of 18 U.S.C. §§ 922(j) & 924(a)(2). On appeal, Johnson argues that the government presented insufficient evidence at trial to establish his actual possession or constructive possession of the stolen firearms. Therefore, he contends, there was insufficient evidence for an objectively reasonable jury to find him guilty.

When, as here, a defendant fails to move for a judgment of acquittal after all of the evidence has been presented, reversal of the conviction is appropriate only to prevent "a manifest miscarriage of justice." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Under this standard, the evidence on a key element of the offense must be "so tenuous that a conviction would be shocking." *Id.* In reviewing witness testimony, "[t]he jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2155, 167 L. Ed. 2d 882 (2007).

In this case, to establish possession of a stolen firearm, the government must prove beyond a reasonable doubt that the defendant: (1) possessed; (2) a stolen firearm; (3) which was part of interstate commerce; (4) knowing or having reasonable cause to believe that the firearm was stolen. *See* 18 U.S.C. § 922(j). Possession can be actual or constructive. *United States v. Garcia-Jaimes*, 484 F.3d

2

1311, 1323 (11th Cir. 2007). To establish constructive possession, "the government must show that the defendant exercised ownership, dominion, or control over the firearm or the [property] concealing the firearm." *Id.* (alteration in original) (internal quotation marks omitted).

Each element of the offense was sufficiently established by the government. The jury was free to reject Johnson's testimony that he was intoxicated when he admitted to purchasing the stolen guns. For these reasons, Johnson has failed to establish that his conviction was the result of a manifest miscarriage of justice. Accordingly, we affirm Johnson's conviction.

**AFFIRMED.**